UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDI DECORMIER,

    Plaintiff,                                 Case No. 16-cv-13334
                                          Honorable Linda V. Parker

v.

J.C. PENNEY CORPORATION, INC.,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 44)

Plaintiff Brandi Decormier ("Plaintiff") initiated this lawsuit against Defendant J.C. Penney Corporation, Inc. ("JCP") on September 14, 2016. Plaintiff alleges JCP is vicariously liable for the acts of its employee occurring during an encounter in JCP's parking lot. Presently before the Court is Defendant's motion for summary judgment, filed November 17, 2017. (ECF No. 44.) The motion has been fully briefed. For the reasons stated below, the Court denies Defendant's motion.

I. **Factual and Procedural History**

On June 15, 2016, Plaintiff entered JCP to purchase clothing for her son. (ECF No. 44-5 at Pg ID 336, Brandi Decormier Dep. Tr. 58:3-15, 59:10-16 (July 12, 2017).). Natasha Young, a JCP loss prevention associate, testified that she

1

originally observed Plaintiff on camera, but because Plaintiff was quickly selecting merchandise and taking more merchandise than necessary, she decided to observe Plaintiff on the floor. (ECF No. 44-3 at Pg ID 260, Natasha Young Dep. Tr. 43:3-24 (July 26, 2017).) Plaintiff grabbed three outfits from the Nike men's department and entered a fitting room. (ECF No. 44-5 at Pg ID 336, Decormier Dep. Tr. 61:3-4.) While in the fitting room, Plaintiff placed the three outfits in her purse and exited the fitting room. (ECF No. 44-5 at Pg ID 336, Decormier Dep. Tr. 61:3-4.) According to Ms. Young, she checked the fitting rooms prior to Plaintiff entering the area to ensure they were empty. (ECF No. 44-3 at Pg ID 260, Young Dep. Tr. 44:19-24.) Ms. Young testified Plaintiff exited the fitting room without any merchandise. (ECF No. 44-3 at Pg ID 260, Young Dep. Tr. 45:13-17.)

As Plaintiff walked towards the front of the store, Ms. Young stated that she found six empty hangers in the fitting room Plaintiff previously occupied. (ECF No. 44-3 at Pg ID 260, Young Dep. Tr. 45:21-24.) Ms. Young then radioed Kevin Gorski, a loss prevention officer, who was located near the entrance/exit of the store, to alert him that Plaintiff was headed in his direction with stolen merchandise. (ECF No. 44-3 at Pg ID 261, Young Dep. Tr. 46:2-3.)

As Plaintiff exited the store, she glanced behind her and overheard a JCP employee describing her clothing, grey sweatpants and a black tank top, over a radio. (ECF No. 44-5 at Pg ID 336, Decormier Dep. Tr. 61:3-6; ECF No. 44-5 at

2

Pg ID 338, Decormier Dep. Tr. 67:13-21.) Mr. Gorski testified that he identified himself to Plaintiff, but she immediately began to run towards the parking lot. (ECF No. 44-4 at Pg ID 300, Kevin Gorski Dep. Tr. 34:15-17 (July 26, 2017); ECF No. 44-5 at Pg ID 336, Decormer Dep. Tr. 61:3-6.)

According to Mr. Gorski, once he caught up with Plaintiff, he placed her in a bear hug to prevent her from using her arms to escape. (ECF No.44-4 at Pg ID 300, Gorski Dep. Tr. 36:14-25.) Mr. Gorski testified that although no punches were thrown, Plaintiff was kicking, squirming, and trying to scratch, and they eventually fell onto the concrete. (ECF No. 44-4 at Pg ID 301, Gorski Dep. Tr. 40:6-10.) Contrarily, Plaintiff testified that upon opening her car door, Mr. Gorski grabbed her by the arm and immediately slammed her onto the concrete, causing cuts and scrapes to her face and shoulder, as well as severe shoulder pain. (ECF No. 44-5 at Pg ID 345, Decormier Dep. Tr. 95:3-23.) Mr. Gorski admits that he fell on Plaintiff and his weight and chest were on her shoulder. (ECF No. 44-4 at Pg ID 301, Gorski Dep. Tr. 37:4-7.) Ms. Young testified that after Plaintiff was apprehended, she noticed a large bruised bump on Plaintiff's head. (ECF No. 44-3 at Pg ID 262, Young Dep. Tr. 52:20-22; 53:16-17.) As a result of Plaintiff's injuries, on September 14, 2016, Plaintiff initiated this lawsuit against JCP, alleging a single count of vicarious liability for the assault and battery she experienced at the hands of Gorski.

## II. Standard of Review

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

## II. Applicable Law & Analysis

Defendant contends that Plaintiff's claim fails because she cannot sustain her burden of proof. First, Defendant argues that Plaintiff cannot show an intentional or unlawful threat to do her bodily harm and that she experienced a well-founded fear of imminent peril. Second, Defendant argues that Plaintiff cannot succeed on her claim for battery because she consented to being apprehended, voluntarily engaged in a mutual affray, and Mr. Gorski acted in self-defense.

The Court notes that Plaintiff alleges a single count for assault and battery, stating: "Defendant's employee pursued and caught up to Plaintiff at her car and willfully, intentionally and voluntarily slammed her down to the concrete." (ECF No. 4 at 3.) Plaintiff states that ultimately Defendant's employee used unnecessary force in response to her shoplifting. Describing "assault and battery," the

Michigan Court of Appeals has stated that "[t]he two terms are so closely associated in common usage that they are generally used together, or regarded as more or less synonymous." *Mitchell v. Daly*, 133 Mich. App. 414, 350 N.W.2d 772, 778-79 (Mich. Ct. App. 1984). In this instance, it would appear because Plaintiff alleges a single count, Plaintiff's claim sounds in battery because "battery is the consummation of assault." *Tinkler v. Richter*, 295 Mich. 396 (1940); *see also Mich. v. Stitt*, No. 284097, 2009 Mich. App. LEXIS 1030, at *19 (Mich. Ct. App. May 12, 2009). However, the Court will address Plaintiff's claims as argued in the motion for summary judgment.

    **A. Assault**

Under Michigan law, assault is "any intentional unlawful offer of corporal injury to another person by force, or force unlawfully directed toward the person of another, under circumstances which create a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact." *Smith v. Stolberg*, 231 Mich. App. 256, 260 (Mich. Ct. App. Aug. 18, 1998) (citing *Espinoza v. Thomas*, 189 Mich. App. 110, 119 (1991)).

Relying on *Lackie v. Fulks*, Defendant contends that Plaintiff's claim fails because an assault "cannot be found where the alleged assault originates from the rear because the plaintiff cannot experience any apprehension immediately preceding the actual contact." (ECF No. 44 at Pg ID 230); *Lackie v. Fulks*, No.

6

231479, 2002 WL 1308646, at *3 (Mich. Ct. App. Jun. 11, 2002). In *Lackie*, the court found no assault because the plaintiff was unaware that anyone was behind him that would cause him to experience any apprehension immediately preceding the actual contact.

*Lackie* is easily distinguishable from this case. Unlike in *Lackie* where the plaintiff "did not see his assailant preparing to effectuate contact with his person," in this case, Plaintiff testified that she knew someone was chasing her. (ECF No. 44-5 at Pg ID 341, Decormier Dep. Tr. 78:14-19; ECF No. 44-5 at Pg ID 342, Decormier Dep. Tr. 82:18-23.) Plaintiff admits that she shoplifted merchandise from JCP, and she began to run when she overheard someone describing her clothing. Also, Plaintiff testified that she did not know if the person chasing her was an employee and did not know what would happen once she was apprehended. (ECF No. 44-5 at Pg ID 351, Decormier Dep. Tr. 119:20-121:7; 121:16-122:2.) Defendant argues that there is no evidence that Mr. Gorski intentionally, unlawfully threatened or offered to do bodily injury to Plaintiff. The Court disagrees. A reasonable jury could find that Mr. Gorski intended to cause Plaintiff intentional unlawful bodily harm because of her theft. Further, a reasonable jury could find that Mr. Gorski's chasing of Plaintiff created a well-founded fear of imminent contact.

Although Defendant argues that there were no words conveying threats from Gorski, Defendant does not provide any precedent that requires a verbal threat before a plaintiff can proceed in a claim for assault. Accordingly, a reasonable jury could find that because Plaintiff knew someone was chasing her and yelling for her to stop, she had a "well-founded apprehension of imminent contact" as she ran to her car. *See Mitchell v. Daly*, 133 Mich. App. 414, 350 N.W.2d 772, 778-79 (Mich. Ct. App. 1984) ("[I]t is an assault when the defendant swings his fist to strike the plaintiff, and the plaintiff sees the movement.") Furthermore, due to the parties' factual dispute of what occurred in the parking lot, the Court finds this matter is for the province of the jury. Therefore, the Court is not persuaded that Defendant is entitled to judgment as a matter of law on Plaintiff's assault claim.

**B. Battery**

Michigan law defines battery as "the willful and harmful or offensive touching of another person which results from an act intended to cause such contact." *Stolberg*, 231 Mich. App. at 260 (citing *Espinoza*, 189 Mich. App. at 119.) Plaintiff claims that Mr. Gorski grabbed her by her arm and immediately slammed her onto the concrete. In response, Defendant advances three defenses to defeat Plaintiff's battery claim: (1) consent, (2) mutual affray, and (3) self-dense. Because it is undisputed that Mr. Gorksi battered Plaintiff, the Court will focus on Defendant's defense to Plaintiff's claim for battery.

8

Defendant alleges that by stealing merchandise and attempting to flee, Plaintiff impliedly consented to physical contact. Implied consent "exists where there is a manifestation of consent, upon which the defendant may reasonably rely." *Ogden v. Target Stores, Inc.*, No. 06-14555, 2007 WL 4358193, at *6 (E.D. Mich. Dec. 31, 2007) (internal quotations and citations omitted). Defendant contends that Plaintiff should have expected physical contact because she previously had been apprehended for stealing at JCP. However, Plaintiff testified that although she had been apprehended in the past for shoplifting, it was never of the magnitude she experienced in this case. (ECF No. 44-5 at Pg ID 350, Decormier Dep. Tr. 114:2-7; 114:10-16.) Further, Plaintiff contends that given that she was attempting to flee, she did not consent to physical contact. Therefore, the Court finds that a reasonable jury could conclude that Plaintiff did not impliedly consent to being slammed onto the concrete.

Next, Defendant argues that Plaintiff cannot succeed on her claim for battery because she voluntarily engaged in a mutual affray. Mich. Civil Jury Instruction 115.06 states: "If plaintiff voluntarily engaged in a fight with defendant for the sake of fighting and not as a means of self-defense, then plaintiff may not recover for an assault or battery unless the defendant beat the plaintiff excessively or used unreasonable force." According to Defendant, when Mr. Gorski apprehended Plaintiff she became combative and tried to break away. However, Plaintiff

9

testified that there was no struggle, and she did not fight back. (ECF No. 44-5 at Pg ID 344, Decormier Dep. Tr. 92:1-7, 94:3-10.) Likewise, Mr. Gorski testified that no punches were thrown. (ECF No. 44-4 at Pg ID 301, Gorski Dep. Tr. 40:6-10.) However, Mr. Gorski did testify that he had Plaintiff in a bear hug and she was kicking and squirming. (*Id.*)

Consequently, there is a genuine issue of material fact as to whether Plaintiff had engaged in a mutual affray. A reasonable jury could conclude that Plaintiff's kicking and squirming was due to Mr. Gorski's bear hug. Further, a reasonable jury could conclude that Plaintiff did engage in a mutual affray, but Mr. Gorski used unreasonable or excessive force when he slammed her onto the concrete.

Finally, Defendant argues that because Mr. Gorski acted in self-defense, Plaintiff's claim for battery fails. "A claim of self-defense or defense of others first requires that a defendant has acted in response to an assault." *City of Detroit v. Smith*, 235 Mich. App. 235, 238, 597 NW2d 247 (1999). According to Defendant, Plaintiff voluntarily engaged in a physical altercation with Mr. Gorski. Defendant further argues that Mr. Gorski had a right to defend himself when Plaintiff attempted to break free of his grasp. As stated above, Plaintiff maintains that there was no struggle and Mr. Gorski grabbed her as she was entering her vehicle and immediately slammed her onto the concrete. Contrarily, Mr. Gorski contends that he did not slam Plaintiff onto the concrete but somehow fell on her

10

shoulder. Given Plaintiff's and Mr. Gorski's conflicting testimony regarding what occurred in the parking lot, Defendant's defenses to Plaintiff's battery claim should be submitted to a jury. *See People v. Lemmon*, 456 Mich. 625, 637 (1998) ("It is the province of the jury to determine questions of fact and assess credibility of witnesses."); *People v. Weddell*, 485 Mich. 942, 942 (2009). Therefore, the Court is not persuaded that Defendant is entitled to judgment as a matter of law on Plaintiff's battery claim.

**IV.    Conclusion**

Accordingly, for the reasons stated above, the Court denies Defendant's motion for summary judgment.

**IT IS ORDERED** that Defendant's motion for summary judgment (ECF No. 44) is **DENIED.**

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: May 21, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 21, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager

11